[No. 10532.   Department Two.   December 17, 1912.]

A. McCANN, *Respondent*, v. ALASKA LUMBER COMPANY,
*Appellant*.[1]

ARBITRATION AND AWARD—REVOCATION—SUBMISSION BY COURT.
Since a submission to arbitration made a rule of court cannot be
revoked by one of the parties without an order of court, one of the
parties cannot revoke a submission in which the award was vacated
because of irregularities and the matter resubmitted by order of
court.

SAME—VACATION—BIAS. Where no bias or prejudice is found, it
is proper to refuse to vacate an award by arbitration.

[1]Reported in 128 Pac. 663.

Appeal from a judgment of the superior court for King county, Main, J., entered February 19, 1912, in favor of the plaintiff upon an award by arbitrators, in an action on contract.    Affirmed.

*Million & Houser*, for appellant.
*Smith & Cole*, for respondent.

MOUNT, C. J.—The plaintiff brought this action to recover from defendant $1,750, alleged to be due upon the purchase price of certain shingles sold to defendant.    The defendant answered admitting the purchase of the shingles, but denied that any sum remained due upon the purchase price, and alleged a counterclaim amounting to $1,500. Thereafter the parties signed a stipulation, agreeing to submit the matters in controversy to arbitration.    The plaintiff selected J. L. Hillman and the defendant selected E. G. Butterfield, and it was stipulated:

"That all matters in controversy between the parties hereto shall be submitted to said arbitrators, and in case they shall be unable to agree, that then they shall select a third disinterested person to act in conjunction with them as such arbitrator, and the decision of any two thereof shall be deemed the decision of said arbitrators."

Thereafter the arbitrators procured certain books of account and papers from the parties, and proceeded to examine the same, and made an award of $1,735.93 in favor of the plaintiff.    The defendant thereupon filed a motion in the cause to set aside the award, upon the grounds that the award had not been sealed and the original delivered to the plaintiff, and had not been filed with the clerk of the court, and that the arbitrators misbehaved because they had refused to permit it to be heard or to give any notice of hearing, and refused to permit defendant to introduce any evidence.    This motion was granted because the award had not

been sealed and filed with the clerk. The court ordered that the case be referred back to the arbitrators, and that they set a day and allow either side to present witnesses and thereafter make another award. Thereafter the defendant by its counsel filed and served a notice upon the counsel for the plaintiff, to the effect that the defendant revoked the stipulation for arbitration and refused to be longer bound thereby. Defendant also filed a motion in the cause to set aside the arbitration agreement for the reason, among others, that the defendant had revoked the agreement and that the arbitrator selected by him was unfair. This motion was based upon affidavits. Counter affidavits were filed by the plaintiff. Upon the hearing of this motion, the court denied the same, and ordered the arbitrators to proceed with the hearing. The arbitrators afterwards heard evidence and made an award of $1,000 in favor of the plaintiff, and judgment was rendered thereon. Defendant has appealed from that judgment.

The position of appellant is that he was not bound by the stipulation to arbitrate because, prior to the award, it exercised its right to revoke the stipulation, and the court therefore erred in entering a judgment upon the award. At common law, the submission to arbitration might be revoked by one of the parties thereto at any time prior to the award. 2 Am. & Eng. Ency. Law (2d ed.), 594; 3 Cyc. 610. But where the submission is made a rule of court, it cannot be revoked even by consent of the parties without an order of the court. 2 Am. & Eng. Ency. Law (2d ed.), 597; 3 Cyc. 611, and cases there cited. In this case, after the first award had been vacated, the submission was made by order of the court, and of course could not be revoked by one of the parties without the consent of the other and of the court. It is the rule that a party is not bound when an arbitrator is biased or prejudiced, and the trial court undoubtedly had power to set aside the award upon that ground. But the

court in this case did not find any bias or prejudice, and therefore properly refused to vacate the award.

We find no error, and the judgment is therefore affirmed.

Morris, Ellis, and Fullerton, JJ., concur.

Main, J., took no part.